UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN M. MENTUS,

                                  Plaintiff,

        v.

GALLINA DEVELOPMENT CORP.,

                                  Defendant.
_____

**DECISION AND ORDER**

25-CV-6122 EAW CDH

## INTRODUCTION

Plaintiff Kevin M. Mentus ("Plaintiff") commenced this action against Gallina Development Corporation ("Defendant") on February 27, 2025, asserting claims of copyright infringement, unjust enrichment, and fraudulent misrepresentation. (Dkt. 1). Plaintiff currently has seven motions pending before the Court. (Dkt. 18; Dkt. 27; Dkt. 29; Dkt. 39; Dkt. 42; Dkt. 49; Dkt. 58) This Decision and Order resolves five of those motions. It also puts Plaintiff on notice as to various procedural rules that the Court expects him to follow going forward in this case. The Court will resolve the remaining two motions in due course.

**I.**     **Motion to Extend the Deadline to File Motions to Opt Out of ADR**

On May 13, 2025, Plaintiff filed a motion requesting that the Court extend the deadline to file motions to opt out of the Court's Alternative Dispute Resolution ("ADR") program until seven days after the Court rules on Plaintiff's pending motion to strike (Dkt. 18). (Dkt. 27). Pursuant to the Scheduling Order entered in this case, the deadline for motions to opt out of ADR was set for May 14, 2025. (Dkt. 22 at 2).

Under Federal Rule of Civil Procedure 16(b)(4), a deadline set by the Court's Scheduling Order may only be modified for good cause. Fed. R. Civ. P. 16(b)(4). Plaintiff claims that good cause exists because, at the time this motion was filed, Defendant had not responded to his discovery requests, and because Defendant filed an answer to his complaint asserting a statute of limitations defense. (Dkt. 27 at 1). Plaintiff expresses concern that Defendant does not intend to participate in ADR in good faith, and further claims that the Court's ruling on his pending motion to strike may affect the scope and viability of ADR. (*Id.* at 2).

Plaintiff has not shown good cause to extend this deadline. First, Plaintiff appears to have only served his first set of discovery requests on May 2, 2025, 11 days before filing this motion. (*See* Dkt. 24). As explained below, Defendant has responded to Plaintiff's discovery requests within the applicable deadlines. Second, the fact that Defendant filed an answer asserting a statute of limitations defense is not an adequate reason to extend the deadline to file motions to opt out of ADR. Even if this issue was relevant, Plaintiff would have been aware of this defense at the time of the Rule 16 conference when this deadline was set. (*See* Dkt. 21). Third, nothing in the record indicates that Defendant does not intend to participate in ADR in good faith. To the contrary, Defendant appears to be making efforts to select a mediator and initiate the mediation process notwithstanding Plaintiff's resistance. (*See* Dkt. 46-1). Lastly, while this Decision and Order does not resolve Plaintiff's pending motion to strike, the Court does not find that the resolution of that motion will alter the scope or viability of ADR.

Plaintiff's motion to extend the deadline to file motions to opt out of ADR (Dkt. 27) is denied. Within 21 days of entry of this Decision and Order, the parties shall file a stipulation of selection of mediator. If they fail to do so, the Court will appoint a mediator.

## II. Motion to Compel Production

On June 3, 2025, Plaintiff moved to compel Defendant to respond to Plaintiff's request for production of documents. (Dkt. 39). Plaintiff served his request for documents pursuant to Rule 34 on May 2, 2025. (*Id.* at 1). Service was effectuated by mail. (*Id.* at 9). Plaintiff claims that Defendant's responses were due no later than June 3, 2025. (*Id.* at 1).

A party who is requested to produce documents pursuant to Rule 34 generally must respond in writing within 30 days after being served. Fed. R. Civ. P. 34(b)(2)(A). However, under Rule 6(d), when a party must act within a specified time after being served, and service is made by mail under Rule 5(b)(2)(C), three days are added to the time that the party would otherwise have to act. Fed. R. Civ. P. 6(d); *see also Orelvis v. State of New York Dep't of Corr. Servs.*, No. 05-CV-6498 CJS, 2008 WL 4642355, at *1 (W.D.N.Y. Oct. 17, 2008) ("Rule 6(d) provides that when service is made by mail, 3 days are added to the time to respond").

Accordingly, Defendant's responses were due 33 days from May 2, 2025, *i.e.*, on June 4, 2025. And in any event, Defendant served its responses on June 3, 2025. (*See* Dkt. 41). Defendant's responses were therefore timely under the applicable deadline as well as Plaintiff's miscalculated deadline.

Plaintiff's motion to compel production (Dkt. 39) is denied.

In its response to Plaintiff's motion to compel, Defendant requests sanctions pursuant to Rule 37(a)(5)(B). (*See* Dkt. 57 at ¶ 13). Under this Rule, if a motion to compel is denied, the court must, after giving an opportunity to be heard, require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). However, expense-shifting sanctions under Rule 37(a)(5) may only be imposed against a *pro se* litigant after they have received a warning from the Court. *See Arnold v. Indep. Health Ass'n, Inc.*, No. 17-CV-01260-FPG-JJM, 2019 WL 3955420, at *9 (W.D.N.Y. Aug. 22, 2019).

Here, the Court has not issued such a warning to Plaintiff and therefore finds that sanctions are not warranted at this time. But going forward, <u>Plaintiff is advised that if he files a motion to compel discovery that the Court then denies in full or in part, the Court may require him to pay Defendant its reasonable expenses incurred in opposing the motion, including attorney's fees, in accordance with Rule 37(a)(5)(B)-(C)</u>.[1]

---

[1] Likewise, if Plaintiff's conduct should require Defendant to file a motion to compel, then the Court may also require Plaintiff to pay Defendant its reasonable expenses, including attorney's fees, in accordance with Rule 37(a)(5)(A).

### III. Motion to Extend the Deadline to File Motions to Join Other Parties and to Amend the Pleadings

On June 6, 2025, Plaintiff filed a motion requesting that the Court extend the deadline to file motions to join other parties and to amend the pleadings until July 15, 2025. (Dkt. 42). Pursuant to the Scheduling Order, this deadline was set for June 10, 2025. (Dkt. 22 at 2). Plaintiff claims that good cause exists to extend this deadline because, at the time this motion was filed, Defendant had not responded to his discovery requests and thereby hindered his ability to determine whether additional defendants must be named. (Dkt. 42 at 1). Plaintiff claims that an extension will allow him to evaluate newly produced discovery and ensure that all the appropriate defendants are named in his complaint. (*Id.*).

Plaintiff has not shown good cause to extend this deadline. Foremost, Plaintiff has already moved to amend his complaint to add new defendants despite receiving no discovery from Defendant at the time of his moving to amend. (*See* Dkt. 29). That motion is still pending before the Court. Furthermore, Defendant has provided its initial disclosure (*see* Dkt. 38) and responded to Plaintiff's discovery requests within the applicable deadlines. Lastly, Plaintiff does not point to any specific information that he believes may become known through discovery that would warrant further amendments to his pleading. If such information does, in fact, become known through discovery, then, notwithstanding the June 10, 2025 deadline, Plaintiff may still move to amend the schedule pursuant to Rule 16(b)(4) upon a showing of good cause. *See Holmes v. Grubman*, 568 F.3d 329, 335-36 (2d Cir. 2009). Accordingly, Plaintiff, contrary to his assertions, will not be prejudiced by the denial of this extension.

Plaintiff's motion to extend the deadline to file motions to join other parties and to amend the pleadings (Dkt. 42) is denied.

### IV. Motion to Deem Requests for Admission Admitted

On June 16, 2025, Plaintiff moved to deem his requests for admission admitted pursuant to Rule 36(a)(3). (Dkt. 49). Plaintiff served his requests for admission on May 14, 2025. (*Id.* at 1). Service was effectuated by mail. (*Id.*). Plaintiff claims that his requests should be admitted because Defendant did not respond within the applicable deadline. (*Id.* at 2).

As discussed with respect to Plaintiff's motion to compel, under Rule 6(d), Defendant had 33 days to respond to Plaintiff's requests for admission—*i.e.*, by June 16, 2025—because they were served by mail. Defendant served its responses to Plaintiff's requests for admission on June 16, 2025. (Dkt. 50). Defendant's responses were therefore timely and there is no basis to deem these matters admitted under Rule 36.

Plaintiff's motion to deem requests for admission admitted (Dkt. 49) is denied.

### V. Motion for Sanctions

On June 25, 2025, Plaintiff filed a motion for sanctions under Rule 37(b), alleging that Defendant "has failed to comply with the Court's May 28, 2025 Order (Dkt. 38)," which he claims "compelled Defendant to produce complete discovery responses by June 24, 2025." (Dkt. 58). In a subsequent filing, however, Plaintiff clarifies that the applicable Court Order is Docket No. 40, issued on June 3, 2025. (*See* Dkt. 63-1 at 1).

The Court's June 3, 2025 Text Order (Dkt. 40) merely ordered briefing on Plaintiff's recently filed motion to compel production, and set a deadline of June 24, 2025 for Defendant to respond to the motion. When a party files a motion, the Court will generally issue a motion scheduling order setting deadlines for the opposing party to file a response to the motion and for the moving party to file a reply if they reserve their right to do so in their initial notice of motion. *See* Loc. R. Civ. P. 7(a)(1). Parties should not construe a motion scheduling order as granting the underlying motion or reflecting whatsoever the Court's views as to the merits of the motion.

The Court did not grant Plaintiff's motion to compel and has not issued any discovery orders in this case. Thus, there is no basis for the Court to impose sanctions pursuant to Rule 37(b). Plaintiff's motion for sanctions (Dkt. 38) is therefore denied.

## VI.  Plaintiff Must Comply with the Applicable Procedural Rules

"*Pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995). This includes the local procedural rules and each judge's individual practices. *See Swinton v. Livingston Cnty.*, No. 15-CV-00053A(F), 2016 WL 1056608, at *4 (W.D.N.Y. Mar. 17, 2016).

In reviewing the foregoing motions, the Court finds that Plaintiff has failed to comply with several procedural rules that would have allowed for a more expeditious and perhaps favorable resolution of these disputes. Plaintiff is cautioned that, going forward, the Court will not overlook his failure to comply with the applicable rules

discussed below. <u>Any future submission that does not comply with the rules below will be summarily denied.</u>

### A.   Local Rule 7(a)(1)

As noted above, Local Rule of Civil Procedure 7(a)(1) requires a notice of motion for all motions. A moving party who intends to file and serve reply papers (*i.e.*, a filing that is responsive to the opposing party's response to the moving party's motion) must state their intention to do so in their notice of motion. *Id.* Reply papers filed without prior notice or authorization may be stricken. *Id.*

Plaintiff is advised that if he intends to file a reply to a response by Defendant to one of his motions, he must reserve this right in his initial notice of motion. If Plaintiff fails to reserve his right to file a reply but nevertheless files one, the Court will not take the reply under consideration in resolving the underlying motion.

### B.   Rule 37(a)(1)

A party moving to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). "This requirement is not a mere formalism; rather, it is designed to encourage cooperation, requiring parties to work with opposing counsel to clarify discovery requests and resolve apparent deficiencies in discovery responses rather than resorting to formal motion practice in the first instance." *Trilegiant Corp. v. Sitel Corp.*, No. 09 CIV. 6492 BSJ JCF, 2012 WL 1883343, at *2 (S.D.N.Y. May 22, 2012) (quotation omitted). "Only those matters that remain unresolved after serious

attempts to reach agreement should be the subject of a motion to compel." *Myers v. Andzel*, No. 06 CIV. 14420 (RWS), 2007 WL 3256865, at *1 (S.D.N.Y. Oct. 15, 2007).

Plaintiff's motion to compel production (Dkt. 39) does include a certification that he "attempted in good faith to confer as required by Rule 37(a)(1)." (*See* Dkt. 39 at 3). However, it appears that Plaintiff merely emailed defense counsel on May 30, 2025, stating that if he did not receive responses to his document requests by June 3rd, then he would file a motion to compel. (*See* Dkt. 39 at 11). The Court does not find that Plaintiff's email is consistent with the letter or spirit of Rule 37(a)(1), particularly since defense counsel emailed a response on June 3rd, apprising Plaintiff that Rule 6(d) afforded him 33 days to respond. (*See* Dkt. 57-1 at 2). Plaintiff was unable to take notice of this information because he did not even wait for his miscalculated June 3rd deadline to lapse before filing his motion to compel. If Plaintiff had seriously attempted in good faith to confer with defense counsel regarding the timeliness of his response, then this matter and Plaintiff's motion to deem his requests for admission admitted may have been resolved without judicial intervention. Of course, it is the Court's expectation that defense counsel will also engage civilly and in good faith in attempting to resolve future discovery disputes.

Plaintiff is advised that any future motion to compel filed without evidence of a serious good faith attempt to resolve the dispute, or without showing other circumstances justifying a waiver of Rule 37(a)(1)'s meet and confer requirement, will be summarily denied.

### C.     <u>The Undersigned's Individual Practices</u>

Plaintiff is advised to familiarize himself with the Individual Practices of the undersigned, available at https://www.nywd.uscourts.gov/content/hon-colleen-d-holland, as well as those of the presiding district judge. A copy of my Individual Practices was also provided to Plaintiff in connection with the Rule 16 conference held in this matter.

According to my Individual Practices, if a discovery dispute arises, the parties are required to advise the Court of the dispute via letter before resorting to motion practice. The Court will generally then schedule a conference with the parties to attempt to settle the dispute informally. The parties should only resort to filing a formal motion if the dispute cannot be resolved informally.

Going forward, any discovery motion filed by a party in which the underlying discovery dispute was not brought to the Court's attention beforehand via letter will be summarily denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to extend the deadline to file motions to opt out of ADR (Dkt. 27) is denied; Plaintiff's motion to compel (Dkt. 39) is denied; Plaintiff's motion to extend the deadline to file motions to join other parties and to amend the pleadings (Dkt. 42) is denied; Plaintiff's motion to deem request for admission admitted (Dkt. 49) is denied; and Plaintiff's motion for sanctions (Dkt. 58) is denied. The Court will resolved Plaintiff's remaining motions (Dkt. 18; Dkt. 29) in due course.

Within 21 days of entry of this Decision and Order, the parties shall file a stipulation of selection of mediator. If they fail to do so, the Court will appoint a mediator.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         July 1, 2025