UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN M. MENTUS,

                      Plaintiff,

     v.

GALLINA DEVELOPMENT CORP.,

                      Defendant.
_____

**DECISION AND ORDER**

6:25-CV-06122 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Kevin M. Mentus ("Plaintiff") brings this copyright infringement action against Gallina Development Corporation ("Defendant"). (Dkt. 1). Presently before the Court is Plaintiff's motion to strike (Dkt. 18). Concurrently with this Decision and Order, the Court has issued a separate Decision and Order denying Plaintiff's motion to amend his complaint (Dkt. 29) without prejudice.[1] (Dkt. 86). Because that Decision and Order preserves, for now, the status quo with respect to the parties' pleadings, and because the issues raised by Plaintiff's motion to strike may recur even in the event that he ultimately amends his complaint, this Decision

---

[1] Motions to strike are non-dispositive but sometimes addressed in a report and recommendation when intertwined with a dispositive motion. *See Perkins v. United States*, No. 16-CV-495V, 2018 WL 3548597, at *7 n.5 (W.D.N.Y. July 24, 2018), *adopted*, 464 F. Supp. 3d 519 (W.D.N.Y. 2020); *Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 357 n.1 (W.D.N.Y. 2006). Here, Plaintiff's motion to strike is not intertwined with a dispositive motion. The Court therefore addresses the motion to strike in a Decision and Order.

and Order resolves Plaintiff's pending motion to strike on the merits. For the reasons below, Plaintiff's motion to strike (Dkt. 18) is denied.

## BACKGROUND

Plaintiff commenced this action on February 27, 2025, asserting claims for copyright infringement, unjust enrichment, and fraudulent misrepresentation against Defendant "regarding the unauthorized reproduction, display, and marketing of Plaintiff's original sculptural lighting design, Infinitum Luminares." (Dkt 1 at 1). As relevant here, Plaintiff's complaint indicates in paragraph 21 that he sent a demand letter to Defendant on February 7, 2025 (the "Demand Letter").[2] (*See* Dkt. 1 at 85). Plaintiff's complaint does not include a copy of the Demand Letter, but it does include as Exhibit T a copy of the February 20, 2025 letter from Defendant's former counsel, Lacy Katzen LLP, responding to the Demand Letter. (*See id.* at 85-86). According to Plaintiff's complaint, this February 20th letter from Lacy Katzen LLP "failed to address the ongoing nature of Defendant's infringement and did not offer any corrective actions, further demonstrating Defendant's refusal to acknowledge Plaintiff's rights and continued wrongful use of Plaintiff's work." (*Id.* at 4).

Defendant answered Plaintiff's original complaint on March 25, 2025 (Dkt. 8), and subsequently filed an amended answer on April 15, 2025 (Dkt. 13). Defendant's amended answer includes as Exhibit H a copy of the Demand Letter. (*See* Dkt. 13-8).

---

[2] The Demand Letter was also addressed to Nixon Peabody LLP (*see* Dkt. 13-8 at 2), but Plaintiff did not include them as a defendant in this action.

- 2 -

On April 23, 2025, Plaintiff filed a motion seeking to strike Exhibit H from Defendant's amended answer. (Dkt. 18). Plaintiff's stated grounds for striking Exhibit H is that: (1) it "is inadmissible under [Federal Rule of Evidence] 408 and discloses Plaintiff[']s personal information in violation of [Federal Rule of Civil Procedure] 5.2; (2) it was filed "as character evidence intended to prejudice Plaintiff"; and (3) "[i]t was submitted long after the [Demand Letter] had been provided, and was weaponized in a public filing." (Dkt. 18 at 2). Plaintiff also seeks to strike paragraph 19 of the amended answer—which refers to Exhibit H—because it is "prejudicial and procedurally defective." (*Id.*). Paragraph 19 of the amended answer states:

> Denies the truth of the allegations of Paragraph 21 of the Complaint, except admits that the asserted letter dated February 21, 2025, from Lacy Katzen LLP to Plaintiff was sent in response to a demand made by the Plaintiff date[d] February 7, 2025, which made allegations of copyright infringement and other frivolous and objectively unreasonable claims based on acts alleged to have occurred in 2016. A true and correct copy of Plaintiff's demand letter dated February 7, 2025, is attached hereto as **Exhibit H** and made a part hereof. A true and correct copy of the response of Lacy Kat[z]en LLP on behalf of Gallina is attached hereto as **Exhibit I** and made a part hereof.

(Dkt. 13 at ¶ 19) (emphasis in original). Plaintiff's motion further seeks to "identify Exhibits D and F" in Defendant's amended answer "as admissions of access and copying," and to impose sanctions against Defendant "for bad faith filing of inadmissible material, knowingly misrepresenting contact issues, and contradicting written statements." (Dkt. 18 at 1-3).

- 3 -

Defendant filed a response opposing the motion to strike on May 21, 2025.[3] (Dkt. 32). Defendant asserts that Exhibit H: (1) was filed for a purpose other than those prohibited by Federal Rule of Evidence ("FRE") 408; (2) does not violate Federal Rule of Civil Procedure ("FRCP") 5.2; and (3) is not character evidence prohibited under FRE 404(a)(1). (*Id.* at 3-7). Defendant also asserts that "it is patently clear from an examination of . . . Paragraph 19 of [the] Amended Answer . . . that it is neither 'prejudicial' nor 'procedurally defective' and that the response stands independent of whether Exhibit H is attached to the Amended Answer." (*Id.* at 7).

## DISCUSSION

### I. Legal Standard

FRCP 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To prevail on a Rule 12(f) motion to strike, the movant must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of N.Y.*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001).

---

[3] On May 22, 2025, Plaintiff filed a "Notice of Non-Opposition to Plaintiff's Motion to Strike (Dkt. 18)" (Dkt. 33), claiming that Defendant had not filed any opposition to Plaintiff's motion to strike by the May 21, 2025 deadline set by the Court for responses (*see* Dkt. 23). However, Defendant did file a response on May 21, 2025, and the Court assumes that Plaintiff's notice merely reflects the fact that he had not yet received the response via mail. Moreover, because service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), and Defendant has certified that it mailed a copy of its response to Plaintiff on May 21, 2025 (*see* Dkt. 35), the Court does not find that there is any issue with respect to the timing of Defendant's response.

"Generally, motions to strike are disfavored and will be denied unless the allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Rochester-Genesee Reg'l Transp. Auth. v. Hynes-Cherin*, 531 F. Supp. 2d 494, 519 (W.D.N.Y. 2008) (quotations omitted). Accordingly, "[t]he party moving to strike bears a heavy burden." *Siani v. State Univ. of New York at Farmingdale*, 7 F. Supp. 3d 304, 334 (E.D.N.Y. 2014). "If there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion." *O'Brien v. Wisniewski*, No. 3:10-CV-120 CSH, 2012 WL 1118076, at *2 (D. Conn. Apr. 3, 2012) (quotation and alteration omitted).

In the context of a Rule 12(f) motion to strike premised on inadmissibility, the Second Circuit has cautioned that "[e]videntiary questions . . . should especially be avoided" at the pleadings stage, and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

II. **Application**

 A. **Exhibit H**

The Court first considers Plaintiff's argument that "Exhibit H is inadmissible under [FRE] 408." (Dkt. 18 at 2). Plaintiff provides no context for this argument beyond this quoted assertion. FRE 408 prohibits the use of certain evidence from settlement negotiations to "prove or disprove the validity or amount of a disputed claim," but permits the use of such evidence for "another purpose." Fed. R. Evid.

408(a)-(b). District courts are afforded "broad discretion in determining whether a statement is admissible for 'another purpose' under Rule 408(b)." *United States v. Wahl*, 563 F. App'x 45, 51 (2d Cir. 2014).

For the purposes of its analysis, the Court assumes that the Demand Letter is a compromise offer within the meaning of FRE 408, even though its demand for $35 million to be paid within 14 days (*see* Dkt. 13-8 at 4) lacks some suggestion of good faith compromise. *See Atronic Int'l, GmbH v. SAI Semispecialists of Am., Inc.*, No. 03CV4892(JFB)(MLO), 2006 WL 2654827, at *7 n.4 (E.D.N.Y. Sept. 15, 2006) (explaining that "demand letters can fall into the ambit of the exclusionary power of [FRE 408], so long as the letter offers a compromise of the claim in exchange for satisfaction of the demand," though "[w]here a letter provides solely demands and lacks any suggestion of compromise, such a document would not be excludable by [FRE] 408"). The Court also assumes, *arguendo*, that FRE 408 is applicable at the pleadings stage, even though "precedent instructs against applying the Federal Rules of Evidence at the pleadings stage, including on motions to strike." *Westwide Winery, Inc. v. SMT Acquisitions, LLC*, 511 F. Supp. 3d 256, 265 (E.D.N.Y. 2021).

Nevertheless, even assuming that FRE 408 is applicable, the Court finds that Plaintiff's inadmissibility argument fails on the merits. FRE 408(b) does not exclude evidence from settlement negotiations when used to establish an affirmative defense that "involve[s] issues different from the elements of the plaintiff's claim." *PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 115 (2d Cir. 2008); *see also Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 294 (2d Cir. 1999) (affirming introduction of

settlement evidence to establish estoppel claim because "[n]one of the elements of estoppel overlap with factors used to determine [the plaintiff's trademark infringement claim]").

Defendant states that Exhibit H is not offered to disprove the validity or amount of Plaintiff's claim, but rather to support its affirmative defenses of the statute of limitations and laches. (Dkt. 32 at 7; *see also* Dkt. 13 at ¶¶ 23, 36). The Demand Letter does indeed reflect specific dates related to Plaintiff's claims, including that on June 30, 2016, "[a] cease-and-desist letter was issued on [Plaintiff's] behalf by attorney Tracy Jong, Esq., warning against unauthorized use." (Dkt. 13-8 at 3) (emphasis omitted). Because a copyright infringement claim accrues when the copyright holder discovers the infringement, *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024), the Demand Letter would plainly be relevant to a statute of limitations defense. *See Steinmetz v. Bridge Path Prop. Grp., LLC*, No. 23 CIV. 08836 (JGLC) (RFT), 2024 WL 4954049, at *6 (S.D.N.Y. Dec. 2, 2024) ("the date of the plaintiff's discovery of the infringing activity can be inferred from the date of the plaintiff's initial request to the defendant to cease the infringing activity") (quotation omitted), *adopted*, 2025 WL 1626438 (S.D.N.Y. Apr. 3, 2025). The issue of when Plaintiff discovered the alleged infringement also has no bearing on the elements of his copyright infringement claim, and thus would not implicate the validity of that claim. *See Starter,* 170 F.3d at 294. Consequently, FRE 408 would not prohibit Defendant's inclusion of the Demand Letter in its amended answer, even if the Rule were applicable at the pleadings stage.

- 7 -

The Court next considers Plaintiff's argument that Exhibit H "discloses Plaintiff[']s personal information in violation of [FRCP] 5.2." (Dkt. 18 at 2). FRCP 5.2 imposes certain restrictions on filings with the court "that contain[] an individual's social-security number, taxpayer-identification number, . . . birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a).

Exhibit H includes Plaintiff's name, address, email address, and phone number. Exhibit H does not include any of the information covered by FRCP 5.2. FRCP 5.2 is therefore not applicable here. Further, as Defendant notes (*see* Dkt. 32 at 4), the personal information included in Exhibit H is the same information that Plaintiff, as a *pro se* litigant, is required to include in every paper he files with the Court pursuant to FRCP 11(a). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."). Plaintiff offers no basis to strike Exhibit H for its inclusion of this information.

The Court next considers Plaintiff's argument that Exhibit H should be struck because "[i]t was not filed as a defense, but as character evidence intended to prejudice Plaintiff." (Dkt. 18 at 2). Plaintiff again provides no additional context for this argument. In particular, Plaintiff does not explain what he means by "character evidence." FRE 404 prohibits the use of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in

accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, the Court cannot discern what character or character trait Exhibit H would evince, much less how Exhibit H would prove on a particular occasion that Plaintiff acted in accordance with that character or character trait.

As to Plaintiff's claim of prejudice, it is not facially apparent what is prejudicial about Exhibit H. The allegations made by Plaintiff in the Demand Letter are generally consistent with the allegations made in his complaint. Moreover, even assuming, *arguendo*, that there was something prejudicial about Exhibit H, a movant seeking to strike relevant material from a pleading because of prejudice must show that the prejudice is undue. *See Prout v. Vladeck*, 326 F.R.D. 407, 410 (S.D.N.Y. 2018) (declining to strike certain paragraphs from answer because "to the extent they prejudice [the plaintiff], they do not do so unduly") (quotation omitted); *Lukowski v. Cnty. of Seneca*, No. 08-CV-6098, 2009 WL 467075, at *14 (W.D.N.Y. Feb. 24, 2009) ("Normally, allegations which supply background or historical material or other matter of an evidentiary nature will not be stricken from the pleadings unless they are unduly prejudicial to the [opposing party]."), *modified on reconsideration on other grounds*, 2010 WL 1038607 (W.D.N.Y. Mar. 19, 2010). Plaintiff apparently considered the Demand Letter to be sufficiently relevant background material to refer to it in his own complaint. (*See* Dkt. 1 at 4). Against this indicia of relevance, Plaintiff does not offer any explanation as to what is prejudicial, much less unduly prejudicial, about Exhibit H.

Lastly, the Court construes Plaintiff's argument that Exhibit H should be struck because "[i]t was submitted long after the confidential demand had been provided, and was weaponized in a public filing" as echoing his arguments regarding admissibility and prejudice. (*See* Dkt. 18 at 2). As explained above, the Court finds that Plaintiff has failed to meet his burden with respect to these arguments. The Court also notes that the Demand Letter was dated February 7, 2025, and was an immediate precursor to Plaintiff commencing this action on February 27, 2025, based on the same underlying claims made in the Demand Letter. While there is no temporal limit on the use or exclusion of settlement evidence under FRE 408, it is not clear how Defendant's inclusion of the Demand Letter in its amended answer on April 15, 2025 could be considered "long after" Plaintiff sent the Demand Letter.

In sum, because Exhibit H may be admissible, has at least some bearing on the issues in this case, and does not unduly prejudice Plaintiff, the Court declines to strike Exhibit H. *See Wermann v. Excel Dentistry, P.C.*, No. 13 CIV. 7028 DAB, 2014 WL 846723, at *6 (S.D.N.Y. Feb. 25, 2014) ("because the allegations . . . may be admissible, may have a bearing on the issues of this case, and do not unfairly prejudice Defendants, they shall not be stricken").

### B. Paragraph 19

The Court now turns to Plaintiff's request to strike paragraph 19 of Defendant's amended answer "as prejudicial and procedurally defective." (Dkt. 18 at 2). As with Exhibit H, Plaintiff does not explain what is prejudicial about paragraph 19. The Court considers the possibility that Plaintiff finds prejudicial Defendant's

characterization of the Demand Letter as having made "allegations of copyright infringement *and other frivolous and objectively unreasonable claims* based on acts alleged to have occurred in 2016." (*See* Dkt. 13 at ¶ 19) (emphasis added).

While Plaintiff may not appreciate this characterization of his claims, the Court does not find that it meets the high threshold necessary to grant a motion to strike. As discussed above, the prejudice necessary to succeed on a motion to strike must be undue. *See, e.g.*, *Wahlstrom v. Metro-N. Commuter R.R. Co.*, No. 96 CIV. 3589 PKL, 1996 WL 684211, at *3 (S.D.N.Y. Nov. 25, 1996) ("although the allegations do not cast a positive light upon the defendant, they are not so unduly prejudicial to the defendant that striking the paragraphs is warranted"). Generally, "for [a] motion to strike to succeed on this basis, the [pleading] must include a scandalous allegation that reflects unnecessarily on the [opposing party's] moral character, or uses repulsive language that detracts from the dignity of the court." *Gregory Wayne Designs, LLC v. Lowry*, No. 24 CIV. 2109 (PAE), 2024 WL 3518584, at *9 (S.D.N.Y. July 24, 2024) (quotation omitted); *see also Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 66 (E.D.N.Y. 2011) ("the fact that a [pleading] may be overly narrative or contain generalized statements or matters of opinion is not in and of itself grounds to strike portions of the [pleading] absent a showing that the allegations are either irrelevant or unsupported") (quotation omitted). A party is not prejudiced by allegations that merely "challenge[] the sufficiency" of their claims." *Bryce Corp. v. XL Ins. Am., Inc.*, No. 23 CIV. 1814 (KPF), 2023 WL 9004039, at *11 (S.D.N.Y. Dec. 28, 2023) (quotation omitted).

Defendant's use of somewhat strong language to describe the claims made by Plaintiff in his Demand Letter does not reflect unnecessarily on Plaintiff's moral character or detract from the dignity of the Court. In addition, when situated in context, paragraph 19 provides relevant background for paragraph 21 of Plaintiff's complaint, which first makes reference to the Demand Letter. *See G.L.M. Sec. & Sound, Inc. v. LoJack Corp.*, No. 10-CV-4701 JS ARL, 2012 WL 4512499, at *7 (E.D.N.Y. Sept. 28, 2012) (denying motion to strike "background information [that] provides context for and is logically connected to" issues in the case). Furthermore, Defendant's couching this background material in language that challenges the sufficiency of Plaintiff's claims is not the type of prejudice contemplated by a Rule 12(f) motion to strike. The Court therefore declines to strike paragraph 19 as prejudicial.

With respect to Plaintiff's claim that paragraph 19 is "procedurally defective," Plaintiff does not explain what is allegedly procedurally defective about this paragraph and the Court cannot discern any procedural defect.

C.   **Other Requested Relief**

Plaintiff's motion also includes a request to "identify Exhibits D and F . . . as admission of access and copying." (Dkt. 18 at 1). Plaintiff states that "Exhibit F contains a rendering that was shown to Plaintiff on January 13, 2016" and "depicts a derivative work built from Plaintiff[']s original design," and that "Exhibit D shows that Gallina Development paid for the fabrication of the derivative installation and

identifies their interior designer as the specifier." (*Id.* at 2). Plaintiff claims that "[t]hese exhibits establish access, copying, and bad faith." (*Id.*).

In addition to the fact that this request does not resemble any form of cognizable relief, the Court declines to make any determinations going to the merits of this case in the context of resolving a motion to strike. Plaintiff can raise these issues in a dispositive motion if he chooses to file one.

Plaintiff's motion also requests that the Court sanction Defendant pursuant to the Court's inherent authority "for bad faith filing of inadmissible material, knowingly misrepresenting contact issues, and contradicting written statements." (*Id.* at 3). "When imposing sanctions pursuant to its inherent powers, the district court must find that the conduct in question was 'without a colorable basis' and undertaken in bad faith, i.e. 'motivated by improper purposes such as harassment or delay.'" *Murphy v. Bd. Of Educ. Of Rochester City Sch. Dist.*, 196 F.R.D. 220, 225 (W.D.N.Y. 2000) (quoting *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

The Court has found that Exhibit H could be admissible. Thus, Defendant's inclusion of Exhibit H is not without a colorable basis and not clearly undertaken in bad faith. The "contact issues" and "contradicting written statements" Plaintiff refers to are defense counsel's supposed "false[] claim[] [that] he could not contact Plaintiff," despite Exhibit H's inclusion of Plaintiff's address, phone number, and email. (*See* Dkt. 18 at 2; *see also* Dkt. 19). But Plaintiff provides no further background on this

issue, such that the Court can understand what basis there would be for imposing sanctions. Plaintiff's request for sanctions is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to strike (Dkt. 18) is denied. All other requested relief is also denied.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 30, 2025
      Rochester, New York