UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN M. MENTUS,

                       Plaintiff,

      v.

GALLINA DEVELOPMENT CORP.,

                       Defendant.
_____

**DECISION AND ORDER**

6:25-CV-06122 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Kevin M. Mentus ("Plaintiff") asserts claims of copyright infringement, unjust enrichment, and fraudulent misrepresentation against defendant Gallina Development Corporation ("Defendant"). (Dkt. 1). Plaintiff currently has several pending discovery motions. This Decision and Order addresses Plaintiff's motion "requesting limited disclosure" regarding counsel for non-party Hanlon Architects ("Hanlon") (Dkt. 84) and Plaintiff's motion for discovery sanctions and related relief, which he has denoted an "Emergency Motion for Default Judgment and Protective Relief" (Dkt. 91). For the reasons below, Plaintiff's motions (Dkt. 84; Dkt. 91) are denied. This Decision and Order also issues certain warnings to Plaintiff regarding his litigation conduct. Familiarity with the Court's prior Decisions and Orders and the procedural background of this matter is assumed for purposes of the instant Decision and Order.

## DISCUSSION

I.  **Motion Requesting Limited Disclosure Regarding Hanlon Counsel Retention and Payment**

On July 25, 2025, Plaintiff filed a motion to enforce a subpoena duces tecum served on non-party Hanlon. (Dkt. 68). This motion remains pending before the Court. On September 26, 2025, Plaintiff filed a motion requesting that the Court order counsel for Hanlon to provide: (1) "[t]he date he was first retained by Hanlon Architects"; (2) "[t]he identity of the client of record"; (3) "[t]he identity of the payor of his fees"; and (4) "[a] copy of the first payment record . . ., redacted only to remove any privileged information, showing the date, amount, payor, and payee." (Dkt. 84 at 2). Plaintiff's motion does not cite any legal authority whatsoever—much less any authority that suggests he is entitled to this information, or, even if he were entitled to such information, that the Court could order its disclosure in the absence of a subpoena. Nevertheless, Plaintiff asserts that his request "is limited to objective facts that are routinely subject to disclosure." (*Id.*). On October 1, 2025, Hanlon filed a response opposing this motion. (Dkt. 89).[1]

---

[1] Plaintiff filed a reply in support of this motion, despite having failed to indicate in his moving papers that he intended to file a reply, in violation of Local Rule of Civil Procedure 7(a)(1). (Dkt. 90; *see* Dkt. 84). While Plaintiff contends that he was "unaware of this technical requirement" (Dkt. 90 at 2), the July 1st Decision and Order expressly advised Plaintiff of this requirement and advised him that if he "fails to reserve his right to file a reply but nevertheless files one, the Court will not take the reply under consideration in resolving the underlying motion" (Dkt. 64 at 8). The Court expects all parties to read and comply with its Orders. Further, Plaintiff's *pro se* status does not relieve him of the obligation to review and comply with the Court's Local Rules. Consistent with its prior warning to Plaintiff, the Court will not consider replies if Plaintiff fails to comply with Local Rule 7(a)(1). If Plaintiff continues to file replies in violation of Local Rule 7(a)(1) to such a degree that it threatens the Court's

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1)'s threshold relevancy requirement applies with equal force to discovery from non-parties. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010). "The burden of demonstrating relevance is on the party seeking discovery." *Gilead Scis., Inc. v. Safe Chain Sols. LLC*, 345 F.R.D. 12, 20 (E.D.N.Y. 2023) (quotation omitted).

Here, Plaintiff fails to address how the information he seeks is relevant to any party's claim or defense in this case. Further, upon due consideration, the Court cannot discern how any of the information is relevant to any party's claim or defense. And, as previously noted, Plaintiff has failed to cite any legal authority in support of his request. Plaintiff's motion requesting this information is therefore denied.

## II.   Motion for Discovery Sanctions and Related Relief

On October 2, 2025, Plaintiff filed a motion titled "Plaintiff's Emergency Motion for Default Judgment and Protective Relief." (Dtk. 91). While denoted as a motion for default judgment, upon inspection this motion seeks discovery sanctions in connection with Defendant's purported "harass[ment] of Plaintiff with irrelevant [requests for production] and interrogatories" and leaving of two voicemails for one of Plaintiff's witnesses. (*Id.* at 3-4). The motion only seeks default judgment insofar as default judgment is an available sanction under Federal Rule of Civil Procedure 37

---

ability to manage its docket, then the Court will exercise its authority under the Rule to strike these replies.

where "a party or party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(vi).

The Court's Decision and Order dated July 1, 2025 (Dkt. 64) (the "July 1st Decision and Order") advised Plaintiff, among other things, that he must comply with my individual practices, which require parties to advise the Court of a discovery dispute via letter before filing a formal motion (*id.* at 10). The July 1st Decision and Order expressly warned Plaintiff that "[g]oing forward, any discovery motion filed by a party in which the underlying discovery dispute was not brought to the Court's attention beforehand via letter will be summarily denied." (*Id.*).

Plaintiff's "Emergency Motion for Default Judgment and Protective Relief" plainly concerns a discovery dispute and seeks discovery-related relief but was filed without Plaintiff having brought the dispute to the Court's attention beforehand via letter. The scope of the dispute also goes well beyond the issues that were previously brought to the Court's attention in connection with the discovery conference held on July 23, 2025. (Dkt. 67). Plaintiff therefore failed to comply with my individual practices and the July 1st Decision and Order. Accordingly, Plaintiff's "Emergency Motion for Default Judgment and Protective Relief" is denied.

Plaintiff is also advised that labelling a motion as an "emergency motion" is not the proper procedure for seeking an expedited briefing schedule or expedited relief. If Plaintiff seeks the resolution of any motion on an expedited basis, then he must separately file a motion for an expedited hearing in accordance with Local Rule of Civil Procedure 7(d)(1).

**Plaintiff is further warned that his future non-compliance with the Court's directives or the applicable procedural rules may continue to have adverse consequences in this litigation, including the potential imposition of sanctions.**

### III. Plaintiff is Warned to Cease Making Frivolous Filings

The Court is concerned by Plaintiff's misuse of the Court's docket. Plaintiff has filed frivolous motions and other papers that unreasonably burden the Court and its personnel by failing to comply with the procedural rules and/or the Court's directives or by having no basis in law. In addition, the significant number of "exhibits" that Plaintiff continues to file without any connection to an existing motion suggests that Plaintiff views the Court's docket as a repository for him to submit whatever documents he wants without any regard for the applicable procedural rules. This conduct threatens the Court's ability to manage its docket and efficiently adjudicate the merits of this case.

District courts have discretion to impose leave-to-file sanctions against litigants who abuse the judicial process. *See Shafi v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). While the scope of a leave-to-file sanction can vary, it generally means that the court must approve some or all documents submitted by the sanctioned litigant before those documents are filed. *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993).

> The procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should

not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order.

*Viola v. United States*, 481 F. App'x 30, 31 (2d Cir. 2012) (quotation omitted).

While Plaintiff's conduct has not yet reached the point where leave-to-file sanctions are warranted, **the Court finds it appropriate to put Plaintiff on notice that if he continues to submit frivolous motions and/or filings that have no procedural connection to the current proceedings, then he may be subject to sanctions, including an order directing the Clerk of the Court not to file any future documents submitted by Plaintiff in this action until the Court has determined that they are not frivolous or baseless or do not otherwise undermine the Court's ability to manage its docket**.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion requesting limited disclosure regarding Hanlon's counsel (Dkt. 84) and Plaintiff's motion for discovery sanctions and related relief (Dkt. 91) are denied. The Court will resolve the other pending motions in this matter in due course.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: October 6, 2025
       Rochester, New York