UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN M. MENTUS,

                    Plaintiff,

            v.

GALLINA DEVELOPMENT
CORPORATION,

                    Defendant

_____

**DECISION AND ORDER**

6:25-CV-06122 EAW CDH

## INTRODUCTION

*Pro se* plaintiff Kevin M. Mentus ("Plaintiff") asserts claims of copyright infringement, unjust enrichment, and fraudulent misrepresentation against defendant Gallina Development Corporation ("Defendant"). (Dkt. 1).[1]

This Decision and Order addresses Plaintiff's pending motions for leave to proceed *in forma pauperis* (Dkt. 101) and for appointment of counsel (Dkt. 98). This Decision and Order also addresses the parties' submissions pursuant to the Court's November 5, 2025 Decision and Order (Dkt. 97), which denied Plaintiff's motion to compel (Dkt. 74) and ordered briefing on a potential award of attorney's fees under Federal Rule of Civil Procedure 37(a)(5)(B). (*See* Dkt. 104; Dkt. 105; Dkt. 107; Dkt. 108).[2]

---

[1]     The Court assumes familiarity with the factual and procedural background of this matter for purposes of this Decision and Order and recounts such background only as necessary to understand the Court's reasoning.

[2]     Defendant has also filed a motion for summary judgment (Dkt. 110), which is currently pending before Chief United States District Judge Elizabeth A. Wolford.

For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is granted, Plaintiff's motion for appointment of counsel is denied without prejudice, and the Court declines to award Defendant attorney's fees in connection with Plaintiff's motion to compel.

## DISCUSSION

### I.    Plaintiff's Motion to Proceed *In Forma Pauperis*

Plaintiff submitted a motion to procced *in forma pauperis* on November 26, 2025, using the District's form motion. (Dkt. 101). During a telephone discovery conference held on December 15, 2025, Defendant's counsel advised the Court that he believed there may be misleading information in Plaintiff's application with respect to his last date of employment. (*See* Dkt. 102). The Court instructed Defendant's counsel to bring the matter to the Court's attention by filing a declaration in response to the *in forma pauperis* motion. (*See id.*). Defendant's counsel filed a declaration on February 24, 2026, asserting among other things that Plaintiff worked on a "photography project" for "several days" after the last date of employment he lists in his *in forma pauperis* motion. (Dkt. 109 at ¶ 5).

Under 28 U.S.C. § 1915(a)(1), an individual is permitted "to litigate a federal action *in forma pauperis* if the individual files an affidavit stating, among other things, that he or she is unable to prepay fees 'or give security therefor.'" *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). "A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of [their] poverty pay or give security for the costs and still be able to provide

[themselves] and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1005 (2d Cir. 2023) (alterations in original and quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under § 1915." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002).

In his motion papers, Plaintiff indicates that his total monthly expenses exceed his total gross monthly income by several hundred dollars, and that he has a limited amount of money on hand and in a checking account. (Dkt. 101 at 1-2). Plaintiff also appears to indicate that he owns a home but that it is the subject of a foreclosure settlement. (*Id.* at 2).

The Court finds that based on the information provided in his motion, Plaintiff meets the financial criteria for *in forma pauperis* status. *See Hines v. U.S. Atty. Gen.*, 857 F.2d 1469 (table), 1988 WL 92898, at *2 (4th Cir. 1988) (noting a plaintiff's home in foreclosure "could not provide a source of liquid assets from which to pay the filing fee").

Defendant's counsel's declaration questions the veracity of Plaintiff's representation that August 17, 2025, was his "Last Date of Employment." (*See* Dkt. 109 at ¶¶ 3-8). Specifically, Defendant's counsel states that "Plaintiff worked for several days at 16 East Blvd. in late September-early October 2025, and on or about November 10, 2025 . . . , Plaintiff returned to 16 East Blvd. and flew a drone over the property as part of a 'four seasons photography project.'" (*Id.* at ¶ 5).

However, even assuming Plaintiff was paid for his work at 16 East Blvd., which is unspecified, that is not necessarily inconsistent with the information in his *in forma pauperis* motion. *See Rosa*, 86 F.4th at 1007 (court-provided application forms to proceed *in forma pauperis* are among the *pro se* filings that courts must construe liberally and interpret to raise the strongest arguments they suggest). The Court reads Plaintiff's submission as indicating that August 17, 2025, was his last date of employment with his former employer, Radio Social, and that he "left [that job] due to illness" and is now "working sporadically as [an] independent contractor." (Dkt. 101 at 1). Consistent with this, Plaintiff states in Section 2(a) that he makes $1,315 per month from "self employment," which is also the amount that he lists in Section 3 as his current gross monthly income. (*Id.*).

In short, Plaintiff's motion discloses that he earns income as an independent contractor and/or through self-employment, and it is reasonable to assume that this income accounts for any money Plaintiff would have earned in connection with the "photography project" at 16 East Blvd. While Plaintiff's submission is not filled out perfectly, the Court does not find that it contains "misleading statements or misrepresentations," as Defendant's counsel suggests (*see* Dkt. 109 at ¶ 2). Accordingly, and for the reasons stated above, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 101) is granted.

## II.   Plaintiff's Motion for Appointment of Counsel

Plaintiff submitted a motion for appointment of counsel on November 21, 2025, also using the District's form. (Dkt. 98).

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). Accordingly, "[t]he court properly denies [a] plaintiff's motion for counsel if it concludes that his chances

of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011).

Here, the Court cannot make the requisite threshold finding that Plaintiff's claims are likely to be of substance. Because Defendant has a pending motion for summary judgement that will be decided by the presiding District Judge, this Decision and Order will not opine in great detail on the merits of Plaintiff's claims. Nevertheless, in the course of resolving numerous discovery-related motions in this case, the undersigned has had occasion to review the underlying claims and observed several defects that are evident from the face of Plaintiff's complaint. For example, Plaintiff's claims appear to be well outside the applicable statute of limitations. *See, e.g.*, *Hop Wah v. Adebola*, No. 1:23-CV-01420 (LGS) (SDA), 2024 WL 706992, at *2 (S.D.N.Y. Feb. 21, 2024) (finding plaintiff's claims were not likely to be of substance because they appeared to be time-barred).

Given that it is uncertain whether this case will continue following the disposition of Defendant's pending summary judgment motion, appointment of counsel is not warranted at this time. The Court has also considered the remaining relevant factors and concludes that none justify the appointment of counsel. For these reasons, Plaintiff's motion for appointment of counsel (Dkt. 98) is denied without prejudice.

### III.   Fee Award for Motion to Compel

In its July 1, 2025 Decision and Order, the Court warned Plaintiff that if he files a motion to compel that the Court then denies, he may be subject to expense-

shifting sanctions under Rule 37(a)(5)(B). (Dkt. 64 at 4). Thereafter, Plaintiff filed a motion to compel, which the Court denied in its November 5, 2025 Decision and Order, both on the merits and due to Plaintiff's failure to satisfy the meet and confer requirement under Rule 37(a)(1). (Dkt. 97 at 17). Because Rule 37(a)(5)(B) only provides for the imposition of sanctions after giving the movant an opportunity to be heard, the Court ordered Plaintiff to show cause why he should not be required to pay Defendant its reasonable fees and expenses incurred in opposing his motion to compel. (*Id.* at 20). Plaintiff filed a response to the order to show cause on December 30, 2025. (Dkt. 104). Defendant filed a response in opposition thereto on February 17, 2026. (Dkt. 108).

Concurrent with the briefing on whether Plaintiff should be required to pay Defendant's attorney's fees, the Court ordered Defendant to submit a sworn affidavit detailing the reasonable fees and expenses it incurred in opposing Plaintiff's motion to compel. (Dkt. 97 at 22). Defendant's counsel filed an affidavit on January 27, 2026, requesting an award of $4,172.40. (Dkt. 105). Plaintiff filed a response in opposition thereto on February 11, 2026. (Dkt. 107).

Under Rule 37(a)(5)(B), when a motion to compel discovery is denied, the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "[T]he burden of persuasion is on the losing party

- 7 -

to avoid assessment of expenses and fees[.]" *Pegoraro v. Marrero*, No. 10 CIV. 00051 AJN KN, 2012 WL 5964395, at *4 (S.D.N.Y. Nov. 28, 2012) (quotation and original alteration omitted).

Plaintiff has asked the Court not to require him to pay fees and costs under Rule 37(a)(5)(B) because he is proceeding *pro se* and did not understand what constitutes "a proper Rule 37 meet-and-confer process," and thus "acted based on a misunderstanding of the procedure because [he] did not know any better at the time." (Dkt. 104 at 1). Plaintiff represents that he thought his actions were necessary "to avoid missing deadlines or forfeiting [his] ability to pursue discovery." (*Id.* at 3). He represents that he will fully comply with appropriate court procedures in the future. (*Id.* at 4). He also explains that he has "limited financial means and . . . an award would impose severe hardship and could effectively prevent [him] from continuing to litigate this matter." (*Id.*).

"[T]he imposition of Rule 37(a)(5) sanctions . . . must be weighed in light of the full record, including a litigant's *pro se* status and ability to pay a monetary sanction." *Smith v. Evans*, No. 21-CV-188-LJV-MJR, 2025 WL 1096920, at *3 (W.D.N.Y. Apr. 11, 2025). The Court has determined, for the reasons set forth above, that Plaintiff is indigent and entitled to *in forma pauperis* status. "Courts in this Circuit have frequently determined that a monetary sanction would be both ineffective and unreasonable in light of a litigant's status as a poor person." *Benitez v. King*, 298 F. Supp. 3d 530, 542 (W.D.N.Y. 2018). In the context of Rule 37(a)(5) sanctions, several courts in this District have recognized that a *pro se* litigant's *in forma pauperis* status

may make an award of fees "unjust" within the meaning of the Rule. *See, e.g.*, *D'Angelo v. City of Lockport*, No. 119CV00221LJVMJR, 2021 WL 5111987, at *4 (W.D.N.Y. Nov. 3, 2021); *Ford v. Am. Signature, Inc.*, No. 18CV1200V, 2020 WL 435356, at *6 (W.D.N.Y. Jan. 28, 2020); *Smith v. Fischer*, No. 13-CV-6127-FPG, 2019 WL 4750548, at *2 (W.D.N.Y. Sept. 30, 2019).

Having reviewed the parties' submissions and considered the issue, the Court finds that an award of fees would be unjust in light of Plaintiff's *pro se* and *in forma pauperis* status and the particular circumstances surrounding the Court's denial of his motion to compel. Plaintiff is advised, however, that his *pro se* and *in forma pauperis* status is not an absolute bar to the imposition of monetary sanctions, and the Court will not hesitate to require Plaintiff to pay Defendant's reasonable expenses and fees or impose other appropriate sanctions in the future, if necessary. The Court will hold Plaintiff to his representations regarding his future conduct.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 101) is granted, Plaintiff's motion for appointment of counsel (Dkt. 98) is denied without prejudice, and the Court declines to award Defendant attorney's fees in connection with Plaintiff's motion to compel.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: June 26, 2026
     Rochester, New York

- 9 -